## SMITH v STRASSMEYER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10,930.  Decided Jan 26, 1931

KUNKLE, PJ, HORNBECK, J (2nd Dist), and FARR, J (7th Dist) sitting.

Waterworth & Waterworth, Cleveland for plaintiff.

Lorman, Roob & Quallich, Cleveland, for defendant.

KUNKLE, J.

The only real controversy in the case relates to the issues raised by the petition of plaintiff; the answer and cross-petition of Fred H. Strassmeyer, and the reply of plaintiff thereto.

Counsel have favored the court with a very succinct statement of facts. The case was submitted to this court upon the evidence and facts embraced within such statement of facts. Various objections were made to the consideration by this court of portions of the evidence included within such statement of facts. All of such objections will be overruled and all of the evidence covered by such statement of facts will be admitted and considered by this court. Exceptions may be reserved in all cases by the party objecting to such evidence.

Counsel have also favored the court with unusually exhaustive and helpful briefs. These, together with the evidence, have been carefully considered by the court. We will announce the conclusion at which we have arrived after such consideration, rather than attempt to discuss the authorities or the evidence in detail.

Coming to a consideration of the decree for divorce which has been introduced in evidence and which forms the basis of this litigation, we are of opinion that this·decree should be given a liberal construction in favor of Lyda Strassmeyer. It is not necessary to detail the reasons for arriving at such conclusion. They appear throughout the testimony.

The testimony of Mr. Yost who represented Lyda Strassmeyer during the hearing of the divorce case, is quite convincing to us as to her real mental condition at the time this divorce decree was secured. On page 9 of the statement of facts, the following appears:

"I wrote the said Lyda Strassmeyer to call, and when she did not call, I made several trips to her house to go over said form of journal entry with her and explain the same. She acted very queerly. She was very stubborn and refused to do anything or agree to anything. When I would try to talk to her I would notice that I could not keep her attention. Her eyes would wander back and she did not seem to be able to concentrate on anything I would say."

We do not intend by referring to this testimony, to reflect upon the conduct of Mr. Yost as he doubtless did not appreciate the real condition of his client at the time. It is apparent that the affliction with which Mrs. Strassmeyer is now suffering, was present in an incipient 'form for at least some time prior to the decree for divorce.

We do not think it necessary to further quote from the evidence reflecting upon the mental condition of Lyda Strassmeyer. Counsel are thoroughly familiar with her condition ever since the divorce case was heard. We allude to this briefly for the purpose of stressing our·reason for placing upon this divorce decree a liberal construction in favor of Mrs. Strassmeyer.

The divorce decree provides that Mrs. Strassmeyer shall, within fifteen days from the entry of such decree, pay or cause to be paid to the plaintiff or to the clerk of the Common Pleas Court, the sum of $2700.00; that upon payment by Mrs. Strassmeyer of said sum, Mr. Strassmeyer is ordered to execute and deliver a proper and sufficient deed conveying all of his interest in the premises heretofore herein described and is further ordered to pay to Mr. Yost, attorney for Mrs. Strassmeyer, the sum of $200.00 as and for attorney fees and legal expenses incurred in defending this action and Mr. Strassmeyer is also to pay the costs of the action.

This decree provides for the payment by Mrs. Strassmeyer to Mr. Strassmeyer of said sum of $2700.00 within fifteen days from the date of the decree.

There is a conflict in the testimony as to whether Mr. Strassmeyer did or did not request performance of the terms of the divorce decree by Mrs. Strassmeyer, or whether he waived such strict performance of the terms of such decree and advised and requested delay in placing the said property upon the market. There is also a conflict in the testimony as to Mrs. Strassmeyer's willingness and ability to strictly comply with this provision of the divorce decree, as well as a conflict as to whether Mr. Strassmeyer did or did not prepare and present for acceptance a deed to the said premises approved by the divorce decree. The record does not disclose such deed nor the terms and provisions thereof. The plaintiff in his petition asserts that he has at all times been ready and willing to carry out the terms of the decree.

Without determining which of ̩the parties is right in reference to their willingness to comply with the decree, we do not think under the circumstances surrounding this case that time should be considered as of the essence of the decree. We are also of opinion that the evidence establishes the fact that the defendant Fred H. Strassmeyer waived a strict compliance with the provision

in the decree that such payment should be made within fifteen days from the date of the decree.

We think the testimony warrants and the equities and the justice of the case require that this court hold that the entry be construed as to permit the plaintiff to comply with the terms thereof within————days from the date of the decree herein by paying to Fred H. Strassmeyer said sum of $2700.00 with six percent interest from the date of the divorce decree. If counsel are able to agree as to the number of days that will be required under the circumstances for the guardian to secure such money, then such number of days may be inserted in the judgment. If counsel are unable to agree then the court will fix the days within which the plaintiff must comply with this judgment.

Fred H. Strassmeyer will be charged with the fair rental value of the premises in question during the time he has enjoyed same, less such credit thereon as he may be entitled to by reason of the payment of taxes, if any, and other necessaries actually furnished Lyda Strassmeyer since the date of said divorce decree.

We think counsel will be able to agree upon these figures. If they are not, a special master will be appointed to determine the same.

The said Fred H. Strassmeyer will pay Mr. Yost the sum of $200.00 with six per cent interest from the date of said divorce decree.

There is no controversy as to the other liens claimed and the same decree will be entered in this court in respect to the rights and interests of all other defendants as was entered in the lower court.

The costs of this proceeding will be paid one-half by plaintiff and one-half by defendant, Fred H. Strassmeyer.

HORNBECK and FARR, JJ, concur.